IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

DENTAVIA KHIRY MCNAIR,

    Petitioner,

        v.

UNITED STATES OF AMERICA,

    Respondent.

CV 114-214
(formerly CR 113-010)

**O R D E R**

Before the Court is Petitioner's motion for
"Reconsideration and or Reinstatement of Petitioners [sic] 28
U.S.C. § 2255 Habeas Corpus Pleading Which Was Dismissed Without
Prejudice" ("Motion for Reconsideration") (doc. 568)[1] and motion
to label Petitioner's Motion for Reconsideration as a "Motion to
Supplement and or an Addendum" ("Motion to Re-Label") (doc.
570).

On May 21, 2013, Petitioner pled guilty to crimes involving
fraudulent income-tax returns, misuse of individually
identifiable health information, and aggravated identity theft.
(Doc. 272.) On December 17, 2013, this Court sentenced
Petitioner to 108 months of imprisonment. (Doc. 349.) The next
day, Petitioner filed notice of a direct appeal. (Doc. 351.)

---

[1] For the sake of consistency and clarity, unless stated
otherwise, all document citations will refer to the underlying
criminal case (1:13-cr-010), not this civil case (1:14-cv-214).

On November 17, 2014, Petitioner filed his initial petition for habeas corpus under 28 U.S.C. § 2255 (the "First Petition") (doc. 440), and a corresponding memorandum of law (doc. 441.) The Clerk opened a new case number, 1:14-cv-214 (the "First Habeas Action"), and docketed the First Petition as document one.

On December 9, 2014, this Court dismissed Petitioner's First Petition without prejudice because Petitioner's direct appeal in his underlying criminal case had not yet concluded. (Doc. 448.) On January 7, 2015, the Eleventh Circuit denied Petitioner's direct appeal in his underlying criminal case. (Doc. 449.) Three weeks later, Petitioner filed a "Memorandum of Law In Support of Petition for Writ of Habeas Corpus Pursuant to Title 28 U.S.C. § 2255" (the "Second Petition"). The Second Petition was identical to the memorandum of law filed along with his First Petition but excluded the pro se § 2255 form used to create the First Petition. (Doc. 452.) The Second Petition was not docketed as a new case, but instead docketed in the First Habeas Action and the underlying criminal case. (See Doc. 452; First Habeas Action, Doc. 8.)

Because the Second Petition was not docketed as a motion in either docket, Respondent did not respond to it and the Court did not review it. On September 25, 2017, Petitioner filed his Motion for Reconsideration in which he requested "REINSTATMENT of his Habeas Corpus dismissed by this Court without Prejudice

in the Administration of Justice". (Doc. 578 (emphasis in original)). Petitioner attached to his Motion for Reconsideration a new pro se § 2255 form which alleged five grounds for relief, none of which were identical to his First Petition. In response, the Government requested this Court deny Petitioner's Motion for Reconsideration, open a new habeas case based upon Petitioner's First and Second Petitions, and order additional briefing on two of the new claims Petitioner raised in his Motion for Reconsideration. (Doc. 569.)

On October 23, 2017, Petitioner filed his Motion to Re-Label. (Doc. 570.) Petitioner alleges that he was in solitary confinement for eighteen months without access to the docket and did not realize that his Second Petition was still in front of the Court. According to Petitioner, he filed the Motion for Reconsideration because he believed that any new petition would be time-barred and his only option was to attempt to revive his First Petition. Petitioner requests that the Court construe his Motion for Reconsideration as a motion to amend in light of the fact that his Second Petition is still on the Court's docket.

Given the admittedly confusing procedural state of this case, the Court takes the following actions. First, the Court **ORDERS** the Clerk to **DOCKET** the Second Petition (doc. 452) as a new civil case along with Petitioner's First Petition (doc. 440). Petitioner **SHALL** file all further motions related to his Second Petition in this new civil case. Second, the Court **ORDERS** the Clerk to cross-

docket this Order in the new habeas case, the First Habeas Action (1:14-cv-214), and the underlying criminal case (1:13-cr-010). Third, the Court **DENIES AS MOOT** Petitioner's Motion for Reconsideration (doc. 568) and Motion to Re-Label (doc. 570) because they are no longer applicable now that the Court has docketed a new civil case using Petitioner's First Petition and Second Petition. Fourth, because Petitioner's Motion to Re-Label treats his Motion for Reconsideration as a motion to amend, the Court allows Petitioner the opportunity to file a motion to amend his First and Second Petition in the new civil case.

In other words, the Court is pressing the reset button. Petitioner's Second Petition should have been docketed as a new civil case. By treating Petitioner's Second Petition as a new civil case, the Court is essentially putting the Petitioner back in the position he would have been in had the Second Petition been docketed correctly in January 2015. The Court stresses to Petitioner, however, that the only documents presently before it in the new civil action are Petitioner's First Petition (doc. 440) and Petitioner's Second Petition (doc. 452). Petitioner's pro se § 2255 form petition which he attached to his Motion to Reconsider is not before the Court. Should Petitioner wish to amend his pending Second Petition — and he is under no obligation to do so — he must make a request for amendment by motion to this Court. The Government will then have the

opportunity to challenge Petitioner's amendments and the Court will rule on whether the requested amendments may be allowed.

Accordingly, Petitioner, an inmate at the Federal Correctional Institution in Beaver, West Virginia, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The Clerk of Court **SHALL SERVE** the United States Attorney with this Order and a copy of the § 2255 motion — in this case the First Petition (doc. 440) and the Second Petition (doc. 452).

The Court **DIRECTS** Respondent to file an answer or response in the new civil case within sixty days of the date of this Order, and Petitioner shall furnish the United States Attorney in Augusta, Georgia, with copies of all future motions or papers filed in this case. No discovery shall be had by either party without leave of Court.

**ORDER ENTERED** at Augusta, Georgia, this _____ 9th day of April, 2018.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA